**Allarick CLAY, Plaintiff–Appellant**

v.

**Tim WILKERSON; Virgil Lucas; Corrections Corporation of America; K. Bradford; R. Fisher, Defendants–Appellees.**

**No. 08–31120**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2009.

Allarick Clay, Winnfield, LA, pro se.

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Allarick Clay moves this court for leave to proceed in forma pauperis (IFP) in his

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be

appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The complaint, which alleged that corrections officers, prison officials, and the Corrections Corporation of America were liable to Clay because another inmate at the Winn Correctional Center attacked him, was dismissed as frivolous and for failure to state a claim upon which relief may be granted.

We must examine the basis of our jurisdiction sua sponte if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). A timely notice of appeal is mandatory and jurisdictional in a civil case. *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2363–66, 168 L.Ed.2d 96 (2007). The notice of appeal in a civil action must be filed within 30 days of entry of the judgment from which the appeal is taken. 28 U.S.C. § 2107(a); FED. R.APP. P. 4(a)(1)(A).

The final judgment dismissing Clay's complaint was entered on April 29, 2008, but Clay's notice of appeal was not filed until November 2008, more than six months after that date. Because Clay filed did not file a timely notice of appeal, we are without jurisdiction to consider his appeal. *See Bowles,* 127 S.Ct. at 2363–66. Accordingly, we dismiss Clay's appeal for lack of jurisdiction and deny his IFP motion.

APPEAL DISMISSED; MOTION DENIED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.